IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JORGE LUIS REYES, SR., )
)
    Petitioner, )
)
v. ) Civil Action No. 3:11cv435–HEH
)
LORETTA K. KELLY, )
)
    Respondent. )

MEMORANDUM OPINION
(Dismissing Without Prejudice Petition Under 28 U.S.C. § 2254)

Petitioner, a Virginia state prisoner proceeding *pro se*, submitted a petition under 28 U.S.C. § 2254 (hereinafter the "Present § 2254 Petition"). In the Present § 2254 Petition, Petitioner challenges his 2005 murder and firearm convictions in the Circuit Court for the County of Henrico. Petitioner currently has another petition for a writ of habeas corpus pending before this Court wherein he challenges these same convictions. *See Reyes v. Kelly*, 3:09cv23 (E.D. Va. filed Jan. 9, 2009) (hereinafter "*Reyes I*"). "The pertinent statutes do not permit inmates to litigate multiple or successive 28 U.S.C. § 2254 petitions." *Knight v. Everett*, No 3:08cv80, 2008 WL 958199, at *1 (E.D. Va. Apr. 8, 2008) (citing *Felker v. Turpin*, 518 U.S. 651, 657 (1996)). Accordingly, by Memorandum Order entered on September 6, 2011, the Court directed Petitioner to show good cause why the Present § 2254 Petition should not be dismissed without prejudice to Petitioner's litigation of his claims currently pending in *Reyes I*.

Petitioner responded that the Court should accept the present action in conjunction with *Reyes I* because the factual bases for the claims in the Present § 2254 Petition did not become available until after he filed *Reyes I*. The proper remedy for Reyes, however, is not to file a new § 2254 petition, but rather to seek to amend the petition in *Reyes I*. *See* 28 U.S.C. § 2242 (allowing for habeas petitions to "be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Requiring Petitioner to pursue all of his available claims in his "first habeas petition is consistent not only with the spirit of [the Antiterrorism and Effective Death Penalty Act's] restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle." *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997). Furthermore, such a "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court. This exercise [also] advances the cause of judicial efficiency . . . ." *Id.* (citing *Richmond v. Ricketts*, 774 F.2d 957, 960 (9th Cir. 1985)). Accordingly, the Present § 2254 Petition will be DISMISSED WITHOUT PREJUDICE.[1]

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a

---

[1] Should Petitioner wish to pursue any of the claims in the Present § 2254 Petition, he must file an appropriate motion to amend or supplement his claims in *Reyes I*. Because Petitioner is represented by counsel in *Reyes I*, any motion to amend or supplement must be filed by counsel.

constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Petitioner has not satisfied this standard, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec. 22, 2011
Richmond, Virginia